﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200505-85273
DATE: July 31, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is granted.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. The evidence is in relative equipoise as to whether the Veteran's current bilateral hearing loss is related to in-service acoustic trauma.

2. The evidence is in relative equipoise as to whether the Veteran's current tinnitus is related to in-service acoustic trauma.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for bilateral hearing loss have been satisfied. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309.

2. Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for tinnitus have been satisfied. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force from October 1965 to October 1969.

The appeal comes to the Board of Veterans' Appeal (Board) under the modernized review system, or Appeals Modernization Act (AMA). 38 C.F.R. § 19.2. The Veteran opted into the AMA from the legacy system by submitting a timely AMA Notice of Disagreement with March 2020 Statement of the Case that denied service connection for bilateral hearing loss and tinnitus. The Veteran requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

The March 2020 Statement of the Case noted service connection for bilateral hearing loss and tinnitus had been previously denied and concluded new and material evidence sufficient to reopen the previously denied claims had not been received. However, in making this determination, the Statement of the Case addressed the underlying merits of the claims. As previously denied claims are not reconsidered on the merits unless new and material evidence has been received, the Board finds the AOJ in fact acknowledged such evidence was received. The Board will not disturb these favorable findings made by the AOJ and will readjudicate entitlement to service connection for bilateral hearing loss and tinnitus on the merits.

Entitlement to service connection for bilateral hearing loss and tinnitus.

The Veteran contends his bilateral hearing loss and tinnitus began as a result of noise exposure during military service.

In the March 2020 Statement of the Case, the AOJ also made a favorable finding that the Veteran was exposed to hazardous noised levels during active duty service. This favorable finding is binding on the Board. In addition, a January 2020 VA examination report shows the Veteran currently has hearing loss, as defined by 38 C.F.R. § 3.385, and tinnitus. Therefore, the remaining questions before the Board are whether the current bilateral hearing loss and tinnitus are etiologically related to his military service.

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.03. Service connection may also be granted for any disease diagnosed after discharge, when all evidence, including that pertinent to service, establishes that the disease was incurred in-service. 38 C.F.R. § 3.303(d).

In order to establish service connection for the claimed disability, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Where a Veteran served 90 days or more during a period of war or during peacetime service after December 31, 1946, and a chronic disease, including bilateral hearing loss and tinnitus, becomes manifest to a degree of 10 percent or more within one year from the date of termination of such service, such disease shall be presumed to have been incurred in or aggravated by service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. If a condition listed as a chronic disease in § 3.309(a) is noted during service, but is either shown not to be chronic or the diagnosis could be legitimately questioned, then a showing of continuity of related symptomatology after discharge is required to support the claim. 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (holding that the continuity of symptomatology provisions of 38 C.F.R. § 3.303(b) only apply to a chronic disease listed in § 3.309(a)). 

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. When a veteran seeks benefits and the evidence is in relative equipoise, the veteran prevails. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). A preponderance of the evidence must be against the claim for benefits to be denied. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

The Department of Veterans Affairs (VA) considers impaired hearing to be a disability for the purposes of service connection when the auditory thresholds in any of the frequencies of 500, 1000, 2000, 3000, and 4000 Hertz is 40 decibels or greater, the auditory thresholds for at least three of these frequencies are 26 decibels or greater, or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Based on a comprehensive review of the record, the Board finds that the evidence for and against the Veteran's claims is at least in equipoise.

The evidence against the claims includes a July 2007 VA treatment record and May 1973, October 2007, and January 2020 VA examination reports. 

The Veteran underwent a general VA disability examination in May 1973. The examiner checked the appropriate box to indicate hear loss was not noted.

A July 2007 VA treatment record notes the Veteran complained of hearing loss and left ear tinnitus with occasional dizziness. The audiologist noted that a retrocochlear pathology was possible due to the type and degree of hearing loss.

The Veteran was provided a VA audiological examination in October 2007. The Veteran did not have VA-defined hearing loss at the time of the examination, but the examiner opined it is less likely than not that the hearing loss and tinnitus are related to his service as a jet mechanic. The Veteran denied that he had significant noise exposure after service, but the examiner noted his October 1969 separation examination showed he had normal hearing at that time. The examiner also found the asymmetrical high frequency sensorineural loss shown on evaluation of the left ear, the Veteran’s reported full-type feeling in that ear, and left ear tinnitus with unspecified vertiginous episodes were positive indicators of a retrocochlear pathology.

The January 2020 VA examiner opined the bilateral hearing loss was not at least as likely as not caused by or a result of an in-service noise exposure. The examiner explained that there was not a positive threshold shift in hearing acuity during service. 

The evidence in favor of the claims includes the Veteran’s service treatment records, a private medical opinion, and the January 2020 VA examiner’s tinnitus opinion.

While the Veteran’s service treatment records do not indicate VA-defined hearing loss manifested during active duty service, an August 1968 treatment record notes the Veteran complained of left ear discomfort after being exposed to engine noise without hearing protection. 

A June 2019 private treatment record notes the Veteran complained of longstanding bilateral hearing loss and tinnitus, which had gradually increased in severity. The Veteran reported he was exposed to hazardous noise levels while working as an aircraft mechanic in service and was not exposed to loud noise after service. The physician opined the bilateral hearing loss and tinnitus were most likely due to his exposure to loud noise during service.

Notably, the January 2020 examiner opined the Veteran’s tinnitus was at least as likely as not caused by or a result of military noise exposure, noting the Veteran’s military occupational specialty was highly probable for hazardous noise exposures. The examiner also opined the tinnitus is a symptom of the diagnosed hearing loss.

The Board finds the evidence in favor of the claims and the evidence against the claims is of equal weight. The Board acknowledges the Veteran’s service treatment records and May 1973 VA examination report are silent for hearing loss, but the August 1968 treatment note shows he did complain of noise-related ear discomfort. The October 2007 and January 2020 examiners opined the hearing loss was not related to in-service noise exposure, but did not address the August 1968 treatment record. Notably, the January 2020 examiner also did not explain why she believed the tinnitus, a symptom of hearing loss, was caused by military noise exposure but the hearing loss was not. The treating VA audiologist noted that a retrocochlear pathology was a possible cause of the hearing loss and tinnitus but did not rule out other causes, including exposure to the conceded in-service noise exposure. The private physician did not address the VA opinions, but based his opinion on the Veteran’s reports of exposure to loud noise during service, which has been conceded by VA.

The evidence for and against the claims is in relative equipoise. The Board must therefore resolve all reasonable doubt in favor of the Veteran. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102. Accordingly, service connection for bilateral hearing loss and tinnitus is warranted.

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board William A. Skowronski, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.